[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12875
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00812-TWT

CORNELIUS HENRY,
KARIS MUNROE-COOPER,

Plaintiffs-Appellants,

versus

GUARANTEED RATES, INC.,
AURORA LOAN SERVICES, LLC,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
MCCURDY & CANDLER, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 28, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Karis Munroe-Cooper appeals pro se the dismissal of her amended complaint. Munroe-Cooper sought, for herself and Henry Cornelius, to enjoin or set aside the foreclosure of property on the grounds that Guaranteed Rates, Inc., Aurora Loan Services, LLC, Mortgage Electronic Registration Services, Inc., and McCurdy & Candler, LLC, violated the National Bank Act, the Truth-in-Lending Act, the Uniform Commercial Code, and the Real Estate Settlement Procedures Act. We affirm.

Munroe-Cooper lacked standing to complain about any alleged misconduct regarding a loan to which she was not a party. To establish standing, a plaintiff must satisfy three requirements: an injury in fact, causation, and redressability. Baloco v. Drummond Co., No. 09-16216, slip op. at 7 (11th Cir. Feb. 3, 2011). Henry purchased property in Ellenwood, Georgia, that Munroe-Cooper allegedly acquired later by quit claim deed. Munroe-Cooper complained about the execution, terms, and resale of a mortgage and the foreclosure of that mortgage, but Henry obtained the mortgage. Because Munroe-Cooper was not a party to the loan, she was not injured by any alleged misconduct of the defendants with respect to that loan.

Munroe-Cooper also cannot complain about any alleged harm to Henry.

2

CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1270 (11th Cir. 2006). Munroe-Cooper lacks any authority to represent Henry. In the federal courts, "parties may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, but cannot "represent[] . . . the interests of others," Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008).

Even when read liberally, the remainder of Munroe-Cooper's amended complaint is incomprehensible and fails to state a claim for relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007). Munroe-Cooper complains that the defendants violated "banking laws," "regulation Z," and "truth in lending laws," but Munroe-Cooper fails to explain what provision of those laws the defendants violated or how the alleged misconduct entitles her to obtain injunctive relief or recover monetary damages. Munroe-Cooper complains about a breach of contract, but Munroe-Cooper fails to identify what agreement was breached. Munroe-Cooper also complains about fraud, but Munroe-Cooper fails to identify any specific misrepresentations, who made them, or how she was misled. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

The dismissal of Munroe-Cooper's amended complaint is **AFFIRMED**.