[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10453
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-00569-MHT-TFM

CHARLES NU AUSAR-EL,
Authorized representative for Charles S. Small, Jr.,

Plaintiff - Appellant,

versus

BAC (Bank of America) HOME LOANS SERVICING LP,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 21, 2011)

Before TJOFLAT, CARNES, and MARTIN, Circuit Judges.

PER CURIAM:

Charles Nu Ausar-El, proceeding pro se, appeals the district court's dismissal of his complaint against BAC Home Loan Servicing, L.P. ("BAC") for failure to state a claim upon which relief can be granted. After review, we affirm.

I.

In June 2007, Ausar-El obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") to purchase property located in Wetumpka, Alabama. Ausar-El executed a promissory note and mortgage that gave Countrywide the right to foreclose on the property in the event of default. After Countrywide assigned its rights in the promissory note and mortgage to BAC, Ausar-El defaulted and BAC foreclosed on the property.

Ausar-El filed this action against BAC in July 2010. His complaint alleges that BAC violated the Fair Debt Collection Practices Act ("FDCPA") and provisions of the Alabama Code by failing to properly verify his debt before foreclosing on the property. The district court dismissed Ausar-El's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and Ausar-El now appeals.

II.

"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint

2

as true and construing them in the light most favorable to the plaintiff." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation marks omitted). A pro se complaint is construed more liberally than formal pleadings drafted by lawyers. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, we may not "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds by Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009).

The FDCPA was enacted by Congress to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Ausar-El's complaint alleges that BAC violated § 1692g of the FDPCA by providing him with unsworn photocopies of his mortgage, promissory note, and payment history in verification

of his debt.[1]  The district court concluded that BAC is not a "debt collector" within the meaning of § 1692g and dismissed Ausar-El's claim.

A "debt collector" is a term of art in the FDCPA.  It is expressly defined to mean:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  Significantly, the statute also provides that "[f]or the purpose of section 1692f(6)" a debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  Id.  Under the doctrine of *expressio unius est exclusio alterius*, "the expression of one thing implies the exclusion of others."  Alltel Commc'ns, Inc. v. City of Macon, 345 F.3d 1219, 1222 (11th Cir. 2003).  Thus, an enforcer of a security interest only qualifies as a "debt collector" for the purpose of § 1692f(6).  See Montgomery v.

---

[1]  Section 1692g(b) provides that:

> If the consumer notifies the debt collector in writing within the thirty-day period described in [§ 1692g(a)] that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.

(emphasis added).

4

Huntington Bank, 346 F.3d 693, 700 (6th Cir. 2003) (explaining that "an enforcer of a security interest . . . falls outside the ambit of the FDCPA for all purposes, except for the purposes of § 1692f(6)" (quotation marks omitted)).

Ausar-El's complaint alleges that BAC violated § 1692g in connection with its enforcement of a security interest it held in his property. For the reasons explained above, BAC was not acting as a "debt collector" as that term is used in § 1692g. See id. Accordingly, the district court did not err in dismissing Ausar-El's FDCPA claim for failure to state claim.

Ausar-El's complaint also alleges that BAC violated multiple provisions of the Alabama Code, namely §§ 6-5-102, 6-5-104, 7-2-302, 7-3-309, and 7-3-501. However, the complaint contains no factual allegations in support of those claims. Accordingly, the district court did not err in dismissing Ausar-El's state law claims. See Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1360 (11th Cir. 2011).

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.