Paola A. CORREA n/k/a Paola A. Rodriguez, and Jose G. Correa, Plaintiffs,

v.

BAC HOME LOANS SERVICING LP; Bank of America, N.A.; Law Offices of Kass Shuler P.A.; Melissa R. Rinaldi; Edward B. Pritchard; and Terry A. Brooks, Defendants.

Case No. 6:11–cv–1197–orl–22DAB.

United States District Court,
M.D. Florida,
Orlando Division.

April 6, 2012.

Paola A. Correa, Apopka, FL, pro se.

Jose G. Correa, Apopka, FL, pro se.

Kathryn B. Hoeck, Paul William Ettori, William Patrick Gray, III, Akerman Senterfitt, Orlando, FL, William P. Heller, Akerman Senterfitt, Fort Lauderdale, FL, Scott Allan Frick, Frick Law Group, PA, Tampa, FL, for Defendants.

## ORDER

ANNE C. CONWAY, District Judge.

This cause comes before the Court on the Court's Order, dated February 7, 2012, directing Plaintiff Jose G. Correa ("Plaintiff Correa") to show cause why he should not be dismissed as a party to this case for lack of standing.

## I. FACTUAL BACKGROUND[1]

In November 2006, Plaintiff Paola Rodriguez ("Plaintiff Rodriguez") entered into a mortgage agreement with Universal American Mortgage Company for property in Apopka, Florida. As part of this transaction, Plaintiff Correa executed a gift affidavit, gifting $60,000 to Plaintiff Rodriguez in connection with this mortgage. (Doc. No. 46–1).[2] Plaintiff Correa also made payments to Countrywide Home Loan Servicing LP, which was later acquired by

---

1. Because Plaintiffs fail to provide sufficient background facts in their Amended Complaint, the Court deduced these facts from Plaintiffs' Amended Complaint (Doc. No. 4), filed on August 16, 2011, and Plaintiff's Response with Supporting Memorandum of Law in Response to the Court's Order (Doc. No. 46), filed on February 17, 2012.

2. The Court notes that the affidavit provided to the Court by Plaintiff Jose Correa is not signed and the language of the document is concealed in part by a personal note. As well, the Court notes that Paola Rodriguez and Jose Correa were not married when the mortgage was executed. (*See* Doc. No. 46 at ¶¶ 1, 5). Plaintiffs eventually married on February 10, 2007. (*Id.* at ¶ 5).

Defendant BAC Home Loans Servicing LP ("Defendant BAC") and Defendant Bank of America, N.A. (Doc. No. 46 at ¶ 4), and then made payments to Defendant BAC. (*Id.* at ¶ 6). However, Plaintiff Correa was never a signatory on the mortgage or any other documents, other than the alleged gift affidavit.

On March 18, 2010, Plaintiffs sent correspondence to Defendant BAC to validate whether Defendant BAC was "the true holders [sic] and party of interest of the note and mortgage." (Doc. No. 4 at ¶ 12). Defendant BAC failed to reply to the Plaintiffs' questions. (*Id.* at ¶ 13).

On or about September 13, 2010,[3] Defendant BAC filed a verified foreclosure complaint with respect to Plaintiff Rodriguez's home, naming Plaintiff Rodriguez specifically as a party but not naming Plaintiff Correa. Defendant BAC's foreclosure complaint was filed by the Law Offices of Kass Schuler, P.A. and its attorneys Melissa R. Rinaldi and Edward B. Pritchard.[4] (*Id.* at ¶ 14). In the foreclosure complaint, Defendant BAC claimed it was the holder of the note and the mortgage.

On September 15, 2010, Defendant BAC filed an assignment in the state court proceedings' record; however, Plaintiffs never received notice of the assignment. (*Id.* at ¶¶ 18–20). Despite this assignment and Defendant BAC claiming in its foreclosure complaint that it was the holder of the note and mortgage, on October 10, 2010, Freddie Mac contacted Plaintiff Rodriguez stating that it was the holder of the mortgage. (*Id.* at ¶ 21).

On March 1, 2011, Plaintiffs sent correspondence to Defendant BAC, identifying the correspondence as a Qualified Written Request ("QWR") with respect to Plaintiff Rodriguez's mortgage. (Doc. No. 4 at ¶ 22). On March 30, 2011, Defendant BAC's agent responded to Plaintiff Rodriguez, verifying receipt on March 6, 2011 of the Plaintiff's correspondence. (*Id.* at ¶ 23). On April 18, 2011, Plaintiffs mailed a 10–day notice to Defendant Bank of America with respect to the QWR dated March 1, 2011. (*Id.* at ¶ 25). Defendants BAC and Bank of America did not respond within sixty (60) days to Plaintiff's QWR. (*Id.* at ¶ 26).

During this time, Defendant BAC's foreclosure proceeding progressed. On or about April 13, 2011, Defendant Edward B. Pritchard of Kass Schuler, P.A. filed a motion for summary judgment and attorney fees, alleging that the note and mortgage provided for payment of these fees by Plaintiff Rodriguez. The request for attorney's fees included a mediation fee of $700.00 for a mediation that never occurred. (*Id.* at ¶ 24). On or about July 3, 2011, prior to the state circuit court's hearing on Defendant BAC's motion for summary judgment, Defendant BAC entered into a "Letter of Transfer" of assignment dated effective July 1, 2011 which transferred Defendant BAC's assignment to Defendant Bank of America. (*Id.* at ¶ 28). Then, on July 7, 2011, Defendant BAC executed a cancellation of its agency and business practices with the Florida Secretary of State. (*Id.* at ¶ 28). As well, on July 19, 2011, Defendant BAC, through its counsel Defendant Edward B. Pritchard of Kass Shuler, P.A., "file[d] a notice of an alleged original of the Note and Mortgage" that was the subject of its foreclosure action. (*Id.* at ¶ 30).

---

**3.** Plaintiffs allege the foreclosure complaint was filed on September 13, 2010; however, the complaint actually was filed on September 10, 2010. (*See* Doc. No. 41–2 at p. 5).

**4.** Plaintiffs have named as Defendants in this case the Law Offices of Kass Schuler, P.A. and its attorneys Melissa R. Rinaldi, Edward B. Pritchard, and Terry A. Brooks. (Doc. No. 4). The Court will refer to these Defendants collectively as the "Kass Defendants."

Finally, on July 28, 2011, the state circuit court held a hearing on Defendant BAC's motion for summary judgment. Defendant Terry A. Brooks of Kass Shuler, P.A. appeared as counsel for Defendant BAC. At the time summary judgment was rendered in Defendant BAC's favor, Plaintiffs allegedly had a motion to quash for lack of service, a motion to dismiss for lack of subject matter jurisdiction, and a petition for injunction pending. (*Id.* at ¶¶ 16, 31).

Subsequently, Plaintiffs filed the present three-count Amended Complaint (Doc. No. 4) against Defendant Bank of America, Defendant BAC, and the Kass Defendants. In Count One, Plaintiffs assert that Defendant BAC violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. (*Id.* at ¶¶ 32–35). In Count Two, Plaintiffs allege that Defendant BAC and Defendant Bank of America violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641. (*Id.* at ¶¶ 36–37). Lastly, in Count Three, Plaintiffs claim that Defendant BAC, Defendant Bank of America, and the Kass Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (*Id.* at ¶¶ 37(2)–40).[5]

## II. PROCEDURAL BACKGROUND

On September 19, 2011, the Kass Defendants moved to dismiss the Plaintiffs' Amended Complaint (Doc. No. 22). As well, on October 4, 2011, Defendant BAC and Defendant Bank of America moved to dismiss Plaintiffs' Amended Complaint. (Doc. No. 25). In their motion to dismiss, Defendants BAC and Bank of America raised the issue of whether Plaintiff Correa has standing to bring the present case. (*Id.* at p. 2 n. 2); *see also* (Doc. No. 22 at ¶ 25) (The Kass Defendants also hinted at the issue of Plaintiff Correa's standing).

Because the Court is powerless to act beyond its subject matter jurisdiction, it entered an order directing Plaintiff Correa to show cause why he has standing to bring the present action and required Plaintiff Correa to provide binding, relevant case law in support of his standing to sue in the present action. (Doc. No. 43). After reviewing both Plaintiff Correa's response and the response of the Defendants, the Court finds that Plaintiff Correa does not have standing to sue in the present action. For clarity, the Court will address why Plaintiff Correa lacks standing under any of the three counts alleged in the Amended Complaint.

## III. LEGAL STANDARD FOR STANDING

The Eleventh Circuit has noted that "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case. . . ." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir.2001). Standing is jurisdictional; therefore, if a court dismisses a case for lack of standing, it has the same effect as a dismissal for lack of subject matter jurisdiction. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir.2008) (per curiam).

The party "invoking federal jurisdiction bears the burden of establishing" standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To establish standing, plaintiff must show that: (1) he suffered an injury in fact which is concrete and particularized and actual or imminent; (2) there is a causal connection between the injury and the defendant's alleged conduct;

---

**5.** The Court notes that Plaintiffs include two paragraphs numbered "37" in their Amended Complaint. The Court designates the second paragraph numbered "37" as "37(2)."

and (3) "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560–61, 112 S.Ct. 2130 (citations and internal quotations omitted).

■ When addressing a motion to dismiss for lack of standing, the court evaluates standing based on the facts of the complaint. *Id.* However, the court "may not 'speculate concerning the existence of standing or piece together support for the plaintiff.'" *Id.* (citation and internal quotations omitted). Additionally, the standing requirements are not mere pleading requirements and therefore "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree required at the successive stages of litigation." *Defenders of Wildlife,* 504 U.S. at 561, 112 S.Ct. 2130.

## IV. LEGAL STANDARD AND ANALYSIS

### A. *Plaintiff Correa's RESPA Claim*

■ RESPA is a consumer protection statute that provides a mechanism for regulating the real estate settlement process, placing requirements on entities or persons responsible for servicing federally related mortgage loans. *McLean v. GMAC Mortg. Corp.,* 398 Fed.Appx. 467, 471 (11th Cir.2010) (per curiam).[6] Pursuant to 12 U.S.C. § 2605(f), "[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure. . . ." Thus, a defendant's liability in a civil action under RESPA is limited to borrowers.

■ Plaintiff Correa is not the borrower in this action; Plaintiff Rodriguez is. Attempting to claim the rights of a borrower, Plaintiff Correa argues that he paid the down payment for the mortgage and note transaction and points to his gift affidavit. (Doc. No. 46 at ¶¶ 2–3). However, Plaintiff Correa provides no persuasive or binding legal support for the proposition that the gift affidavit gave him the legal rights of a borrower under RESPA. Instead, Plaintiff Correa attempts to regurgitate in his response to this Court's order to show cause the allegations from the Amended Complaint.

Moreover, as Defendants BAC and Bank of America argue, Plaintiff Correa did not sign either the note or the mortgage in this case. (Doc. No. 48 at p. 3). The only Plaintiff who signed either the note or the mortgage was Plaintiff Rodriguez. Because Plaintiff Correa was not a party to the loan transaction, he cannot sue under rights arising out of that contract when he is not an intended third party beneficiary. *Cf. Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.,* 850 So.2d 536, 543–44 (Fla. 5th DCA 2003) (per curiam) ("A person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract. The exception to this rule is where the entity that is not a party to the contract is an intended third party beneficiary of the contract." (citations omitted)). Moreover, there is no basis to find that the contracting parties to the note or mortgage clearly expressed an intention to benefit primarily and directly Plaintiff Correa as a third party beneficiary. *See id.* at 544. Therefore, Plaintiff Correa has no standing to bring a RESPA claim in this action because he was not injured by any of the Defendants' alleged acts. *See Defenders of Wildlife,* 504 U.S. at 560–61, 112 S.Ct. 2130

---

6. The Court notes that this Eleventh Circuit opinion is unpublished and therefore is not binding but rather merely persuasive. However, the Court finds this opinion to be persuasive.

### B. *Plaintiff Correa's TILA Claim*

■ TILA is a consumer protection statute that regulates consumer credit transactions and requires certain meaningful disclosures. Pursuant to 15 U.S.C. § 1602(h), the adjective "consumer" in TILA is "used with reference to a credit transaction" and "characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." In the present case, only Plaintiff Rodriguez is a natural person to whom credit was offered because Plaintiff Correa was not a signatory to the note or the mortgage.

The thrust of Plaintiffs' TILA claim is that Defendant BAC and Defendant Bank of America did not notify the borrower in writing of the transfer to a new creditor. (Doc. No. 4 at ¶¶ 36–37). In his response to the Court's order to show cause, Plaintiff Correa fails to offer any argument regarding his right to bring a TILA claim. In fact, he has no such right.

■ Only Plaintiff Rodriguez is a borrower under the statute because she is the only named party to the mortgage and note. (*See* Doc. No. 46). A nonparty to the loan cannot bring an action for violations of TILA or RESPA. *See Henry v. Guaranteed Rates, Inc.*, 415 Fed.Appx. 985, 985–86 (11th Cir.2011) (per curiam) (stating that when a person is not a party to the loan, she is not injured by the alleged misconduct of the defendants with respect to the loan, including claims for violation of TILA and RESPA). Therefore, because Plaintiff Correa was not injured by the alleged actions of the Defendants, the Court finds that Plaintiff Correa has no standing to bring a claim under TILA. *See Defenders of Wildlife*, 504 U.S. at 560–61, 112 S.Ct. 2130

### C. *Plaintiff Correa's FDCPA Claim*

■ The FDCPA was enacted to " 'eliminate abusive debt collection practices by debt collectors.' " *Ausar–El v. BAC Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir.2011) (citation omitted). Accepting all the facts in the Amended Complaint as true, the Court must determine whether as Plaintiff Rodriguez's spouse, Plaintiff Correa has standing to bring a claim under the FDCPA.

To support his standing claim, Plaintiff Correa cites *Quinlan v. Citimortgage, Inc.*, an unpublished Eastern District of California case. *Quinlan*, No. 2:11–cv–000986–MCE–EFB, 2011 WL 2516236 (E.D.Cal. June 21, 2011). Specifically, Plaintiff Correa argues that *Quinlan* holds that a debt collector may be liable to a debtor's spouse under the FDCPA. (Doc. No. 46 at ¶ 20). However, Plaintiff's Correa reading of *Quinlan* is too broad and misses the trees for the forest.

In *Quinlan*, Karen Quinlan, the wife, executed a home mortgage loan that was later transferred to CitiMortgage., Inc. At a later date, the defendants started demanding payment despite the loan being fully discharged and no monies being due. *Quinlan*, 2011 WL 2516236, at *1. Plaintiffs alleged that the Defendants still continued to contact them. *Id.* On a motion to dismiss, the court determined whether Bob Betzer, Quinlan's spouse who was not a signatory to the loan, had standing to sue under the FDCPA. *Id.*, at *2. The court found that although the act defined a "consumer" as "any natural person obligated or allegedly obligated to pay any debt," a non-consumer spouse is considered to be a consumer for purpose of 15 U.S.C. § 1692c only. Therefore, a debt collector may be liable to a consumer's spouse for violations of § 1692c only. *Id.* at *3.

■ In the present case, Plaintiffs have not pleaded any violations of 15

U.S.C. § 1692c. Therefore, even if the Court were to consider *Quinlan* persuasive, it would still be inapplicable to the present action. Moreover, Plaintiff Correa fails to show how he is obligated to pay the mortgage loan. *See id.* Therefore, because Plaintiff Correa was not injured by the alleged actions of the Defendants, the Court finds that Plaintiff Correa has no standing to bring a claim under FDCPA. *See Defenders of Wildlife,* 504 U.S. at 560–61, 112 S.Ct. 2130.

## V. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff Correa has no standing to bring any claim in the present case and that Plaintiff Correa cannot argue on Plaintiff Rodriguez's behalf her possible claims. *See Henry,* 415 Fed.Appx. at 986 ("In the federal courts, 'parties may plead and conduct their own cases personally or by counsel,' 28 U.S.C. § 1654, but cannot 'represent[ ] ... the interests of others,'" *Timson v. Sampson,* 518 F.3d 870, 873 (11th Cir.2008) (per curiam)). Therefore, it is **ORDERED** as follows:

1. Plaintiff Jose Correa's claims in the present case are **DISMISSED** as Plaintiff Jose Correa has no standing to bring these claims.

2. The Clerk is **DIRECTED TO TERMINATE** Plaintiff Jose Correa as a plaintiff in this matter.

3. Parties **SHALL NOT INCLUDE** Jose Correa in the caption of all future filings.