[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14080
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80388-DMM


LARRY E. KLAYMAN,

                                        Plaintiff - Appellant,

versus

HILLARY RODHAM CLINTON,
WILLIAM JEFFERSON CLINTON,
CLINTON FOUNDATION,
1271 Avenue of the Americas, 42nd Floor New York, New York 10020 Service:
Chairman Bruce Lindsey or Vice-Chairman Chelsea Clinton Mezvinsky
(nee' Chelsea Victoria Clinton),
a.k.a. The William J. Clinton Foundation,
a.k.a. The Bill, Hillary and Chelsea Clinton Foundation,
CHERYL D. MILLS,
SIDNEY BLUMENTHAL,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 15, 2016)


Before WILLIAM PRYOR, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Larry Klayman, an attorney proceeding *pro se*, filed this action asserting a common law claim of misappropriation of chattel, several claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, and two *Bivens*[1] claims alleging violations of his First and Fifth Amendment rights. All of his claims arose out of two requests for public documents lodged with the United States Department of State pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Klayman alleged, among other facts, that the State Department failed to respond adequately because the defendants, Hillary Rodham Clinton, William Jefferson Clinton, and the Clinton Foundation, misappropriated responsive documents.  The district court dismissed Klayman's amended complaint under Federal Rule of Civil Procedure Rule 12(b)(1) for lack of Article III standing and, in the alternative, under Federal Rule of Civil Procedure 12(b)(6)

_____

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

for failure to state a claim.  The district court also denied Klayman's motion to file a second amended complaint, concluding that allowing the proposed amendment would be futile.  This appeal followed.

We review *de novo* the dismissal of Klayman's amended complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1).  *See Stalley ex rel. United States v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  We also review *de novo* the district court's determination that his proposed amendment to the complaint would be futile.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

We agree with the district court that Klayman failed to allege facts sufficient to support Article III standing, and we adopt the district court's reasoning on this issue as set forth in its order entered on August 11, 2015.  *See* Order Granting Mot. to Dismiss, *Klayman v. Clinton, et al.*, No. 9:15-cv-80388-DMM, slip op. at 5-9 (S.D. Fla. filed Aug. 11, 2015).  In particular, we agree that under *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980), Klayman has no general property interest in government records and FOIA does not provide for "private actions to recover records wrongfully removed from Government custody."  In addition, Klayman's alleged economic injury is purely speculative and thus insufficient to support Article III standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

3

We also agree with the district court that Klayman's proposed second amended complaint failed to cure the standing deficiencies. Indeed, Klayman concedes that the proposed second amended complaint is substantively no different from the amended complaint. Like its predecessor, the proposed second amended complaint contains no factual allegations that would show a concrete injury-in-fact, as required for Article III standing. Moreover, it asserts the same FOIA-created property interest that *Kissinger* rejected. We thus affirm the denial of his motion to amend.

Because we affirm for lack of constitutional standing, we do not examine the merits of Klayman's claims. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 985 (11th Cir. 2005). Accordingly, we vacate the district court's alternative holdings, which purport to reach the merits, and remand with instructions to dismiss this action without prejudice. *See DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008).

**AFFIRMED.**

4