[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15099
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-04529-MLB

THASHA A. BOYD,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 29, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and TJOFLAT, Circuit Judges.

PER CURIAM:

Thasha Boyd, a prior employee of the U.S. Department of Veterans Affairs ("Department"), was terminated for cause by the Department. She brought suit in the U.S. District Court for the Northern District of Georgia alleging legal and constitutional error in the decision of the Merit Systems Protection Board ("MSPB"), the administrative body to which she appealed her termination. The District Court granted the Department's motion to dismiss Boyd's complaint with prejudice under the doctrine of res judicata. The Court found that the decision of the U.S. Court of Appeals for the Federal Circuit denying Boyd's petition for review of the MSPB's decision precluded Boyd from raising the same arguments in a different federal court. The Court also denied Boyd's motion entitled "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b), to Reopen, and Change of Venue," which requested relief from the Federal Circuit's judgment and a transfer of venue to the Northern District of Georgia due to unspecified new evidence being available.

On appeal, Boyd argues that, because the Federal Circuit's disposition was not a decision on the merits of her claim and was influenced by fraud, the doctrine of res judicata is inapplicable. Thus, she argues that the District Court erred in applying the doctrine and dismissing her complaint. However, we need not, and cannot, reach the merits of the res judicata issue, as we find that the District Court lacked jurisdiction to entertain Boyd's complaint.

2

It is well settled that federal courts are courts of limited jurisdiction and may hear only those cases and controversies federal statutory law authorizes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). This is referred to as the requirement of subject-matter jurisdiction. Federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). If "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006). A dismissal on subject-matter jurisdiction grounds is not a judgment on the merits and is entered without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Accordingly, we consider whether any federal statute would grant the District Court jurisdiction to entertain a petition for review of an MSPB decision.

The MSPB — the board which issued the decision upholding Boyd's termination from the Department — is an entity established to hear the claims of civil service employees or employment applicants who wish to challenge certain employment actions. *See generally* 5 U.S.C. § 7701. A federal statute grants the federal courts jurisdiction, on a limited basis, to hear petitions for judicial review of the MSPB's decisions. *See id.* § 7703. As a general rule, petitions for review of

3

any MSPB decision must be filed in the Court of Appeals for the Federal Circuit. *Id.* § 7703(b)(1)(A).  An exception to that rule applies when the underlying substance of the complaint involves prohibited employer conduct related to whistleblower protections;[1] in such a case, a petition for review may be filed in any court of appeals of competent jurisdiction.  *See id.* § 7703(b)(1)(B).[2]

The Department argues that the Federal Circuit was the only court with jurisdiction over Boyd's petition because "whistleblower reprisal [was not] the basis of her appeal."  While Boyd's legal arguments are not a model of clarity, allegations of reprisal for whistleblowing constitute a repeated refrain.  But even if we assume, for the sake of argument, that Boyd's claims *are* premised on reprisal for whistleblowing, jurisdiction still does not lie with the District Court.  Section 7703(b)(1)(B) states that a case that involves reprisal for whistleblowing "shall be filed in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction." 5 U.S.C. § 7703(b)(1)(B).  The district courts are clearly omitted from this grant of jurisdiction.  Therefore, while Boyd's claim

---

[1] The relevant whistleblower protections are codified at 5 U.S.C. § 2302(b)(8) and *id.* § (9)(A)(i), (B), (C), and (D).

[2] The general rule has one other exception, albeit one which does not apply here.  5 U.S.C. § 7703(b)(2) provides that petitions to review a MSPB decision in cases that include a claim of unlawful discrimination are to be filed under the applicable anti-discrimination statute. These so-called "mixed cases" must be filed in federal district court, consistent with the grant of jurisdiction in the relevant anti-discrimination statutes.  42 U.S.C. § 2000e-16(c); 29 U.S.C. § 633a(c); 29 U.S.C. § 216(b); *see also Kloeckner v. Solis*, 568 U.S. 41, 50, 133 S. Ct. 596, 604 (2012).  Boyd does not raise any claim of discrimination, so her case is not a "mixed case" and § 7703(b)(2) does not operate to grant jurisdiction to the District Court.

did not need to be filed in the Court of Appeals for the Federal Circuit, it was impermissible to file it in the Northern District of Georgia. *See Gibbs v. Jewell*, 36 F. Supp. 3d 162, 166 (D.D.C. 2014) ("A final decision of the MSPB is appealable to the Federal Circuit, although certain whistleblower claims may also be appealed to any court of appeals . . . [but] under no circumstances does the [Whistleblower Protection Act, codified at 5 U.S.C. § 2302(b)(8)–(9)] grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." (internal quotations omitted)).

Thus, our independent review confirms that no statute provided the District Court with jurisdiction to hear this case, and it therefore must be dismissed.

## III.

For the foregoing reasons, we vacate the District Court's order of dismissal with prejudice and remand with instructions that the District Court dismiss Boyd's complaint without prejudice for want of jurisdiction and deny her Rule 60(b) motion as moot.

**VACATED and REMANDED**.