[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10867
Non-Argument Calendar
_____

D.C. Docket No. 1:20-cv-20134-UU


MARIA SANCHEZ,

Plaintiff-Appellant,

versus

OCWEN LOAN SERVICING, LLC;
OCWEN FINANCIAL CORPORATION;
U.S. BANK NATIONAL ASSOCIATION,
IN ITS REPRESENTATIVE CAPACITY AS
TRUSTEE FOR THE GSAMP TRUST 2006-HE6
MORTGAGE PASSTHROUGH CERTIFICATES,
SERIES 2006-HE6; AND STATE OF FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 21, 2020)

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Sanchez, proceeding *pro se*, appeals the district court's dismissal with prejudice of her amended complaint. The district court held that it lacked subject matter jurisdiction over her claims under the *Rooker-Feldman* doctrine[1] and, alternatively, that she had failed to state a plausible due process claim, which extinguished her only federal claim. On appeal, Sanchez argues that *Rooker-Feldman* does not apply and that she has pleaded sufficient facts to establish a due process violation. Because the district court correctly dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine, we do not reach the alternative holding.

About fifteen years ago Sanchez bought a mortgaged property. The mortgage was assigned twice—both times to U.S. Bank—though there is some confusion about whether the second assignment was valid. Three years ago, U.S. Bank filed a mortgage foreclosure action against Sanchez in state court. Sanchez's attorney advised her that she would not succeed at trial. He "discussed the risks of a deficiency judgment, etc. [with Sanchez], and suggested that under such circumstances, the best strategy was to enter into [the] consent to judgment

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

agreement that" U.S. Bank had offered. Sanchez and her attorney signed the agreement. The state court—at what it dubbed "the Non-Jury Trial"—accepted the consent agreement, heard evidence about the foreclosure, and entered a final judgment of foreclosure in favor of the foreclosure plaintiffs.

About seven months later, Sanchez filed a *pro se* motion in state court to set aside the foreclosure judgment. Among other claims, she alleged a due process violation, a breach of contract claim, and fraud. The state court held a hearing and then denied the motion. Sanchez did not appeal.

Instead, she filed a complaint in federal district court, which she later amended. The amended complaint included five counts: one federal due-process claim and four state-law claims, including claims for fraud and breach of contract. The district court dismissed the amended complaint with prejudice, holding that it did not have jurisdiction over any of the claims under the *Rooker-Feldman* doctrine. Sanchez appealed.

After a *de novo* review, we agree with the district court that the complaint must be dismissed. The *Rooker-Feldman* doctrine applies and strips the district court of jurisdiction over all of the claims in Sanchez's amended complaint. *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069–70 (11th Cir. 2013). The *Rooker-Feldman* doctrine is a jurisdictional rule that bars lower federal courts from reviewing state-court judgments. *See Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257,

3

1262–64 (11th Cir. 2012). It precludes "state-court losers" from subsequently filing a case in federal court and inviting a district court to review and reject that judgment, *Nicholson v. Shafe*, 558 F.3d 1266, 1273 (11th Cir. 2009) (citation omitted), or to make a determination that would "effectively nullify" that judgment, *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citation omitted). Here, Sanchez's amended complaint does just that. In her amended complaint, Sanchez asks specifically for the federal court to declare the state-court judgment "void and null" and to grant a preliminary injunction preventing U.S. Bank from effectuating the judgment.

Sanchez erroneously argues that the *Rooker-Feldman* doctrine does not apply for three reasons: (1) there was no trial, (2) she raised an independent fraud claim, and (3) "[p]arallel state and federal suits are governed by preclusion law, not Rooker-Feldman." We address each argument in turn.

First, *Rooker-Feldman* requires only a state-court judgment, not a trial. *See, e.g.*, *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331–32 (11th Cir. 2001) (applying the *Rooker-Feldman* doctrine to a state-court grant of summary judgment). Here, Sanchez attached the final state-court judgment to her complaint, and, even more detrimental to Sanchez's argument, that judgment states that the case "was tried before the Court at the Non-Jury Trial."

4

Second, her fraud claim is not independent of her attack on the state-court judgment. The state court heard and rejected that claim in her post-judgment motion to set aside the foreclosure judgment. And even if she had not raised the fraud claim in state court, *Rooker-Feldman* would still apply because she had the opportunity to raise it before the state court and a federal finding of fraud would effectively nullify the state-court foreclosure judgment. *See Casale*, 558 F.3d at 1260.

Third, the state and federal actions were not parallel. Sanchez filed her federal case after the state court litigation had concluded. Under *Rooker-Feldman*, Sanchez cannot seek to invalidate the state-court foreclosure judgment via the federal district court.

The district court correctly dismissed the claims for lack of subject matter jurisdiction. The district court did, however, err in one regard. A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and must be entered without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Accordingly, we vacate and remand the dismissal for the limited purpose of the district court entering a dismissal without prejudice. *See Gardner v. Mutz*, 962 F.3d 1329, 1334 (11th Cir. 2020).

**VACATED AND REMANDED.**[2]

---

[2] Sanchez's motion for judicial notice of six documents is **DENIED** because this Court has already denied this request as to the first four documents, Sanchez has not demonstrated that the fifth would be appropriate or useful to this Court, and the sixth is already a part of the record.