[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10768

_____

D. C. Docket No. 06-01824-CV-ORL-JGG

DOUGLAS B. STALLEY,
on behalf of the United States of America,

Plaintiff-Appellant,

versus

ORLANDO REGIONAL HEALTHCARE SYSTEM, INC.,
a Florida Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 18, 2008)**

Before BIRCH, BARKETT and COX, Circuit Judges.

PER CURIAM:

In this appeal, we consider whether a plaintiff who alleges no injury to

himself has standing to bring a qui tam action for damages under the Medicare

Secondary Payer Act, 42 U.S.C. § 1395y(b)(3)(A) ("MSP"). Plaintiff-appellant

Douglas B. Stalley appeals the district court's order dismissing with prejudice his

purported qui tam action against Orlando Regional Healthcare System. The district

court held that Stalley lacked standing to bring this action because he did not allege

in his complaint that he suffered any injury caused by ORHS and because the MSP

does not provide for a qui tam action. After a review of the record, the parties'

briefs, and oral argument, we conclude that the district court properly dismissed the

complaint. However, since Stalley lacks standing, which left the district court

without subject matter jurisdiction, Stalley's complaint should have been dismissed

without prejudice. Therefore, we AFFIRM in part and REMAND in part with

instructions.

## I. BACKGROUND

Stalley has filed dozens of cases almost identical to this one against hospitals

and other health care providers in federal district courts around the country.[1]

Stalley does not allege that he is a Medicare beneficiary or that he suffered any

injuries caused by ORHS, the hospital system Stalley sued in this particular case.

Instead, Stalley alleges in his complaint that

> [o]n numerous occasions . . . [ORHS] caused harm to

---

[1] Erin Brockovich has filed numerous similar cases in federal district courts in California.

> Medicare recipients who were patients in [ORHS]'s
> hospitals, thereby triggering legal obligation[s] on the
> part of [ORHS] . . . to pay for any consequential medical
> service, treatment, or medication. Nevertheless, [ORHS]
> provided medical services, treatment and medication to
> such Medicare recipients who were harmed by [ORHS]'s
> own conduct, and thereafter received reimbursement
> from Medicare for treating those injured Medicare
> recipients.

R1-2 at 2-3. The complaint does not identify a single person who was injured by ORHS, but Stalley contends that ORHS knew that it caused injuries to unspecified ORHS patients through "patient complaints, staff complaints, internal incident reports and investigations, internal peer review, risk management programs and federally mandated hospital surveys." Id. at 3. In sum, Stalley's claim is that ORHS knowingly caused harm to Medicare beneficiaries, provided treatment to such persons for the injuries caused by ORHS, and failed to reimburse Medicare for the cost of that treatment. Based upon these alleged injuries, which putatively led to treatment for which ORHS supposedly billed Medicare, Stalley argues that he is "entitled to recover double damages, calculated as twice the amount of [ORHS]'s unpaid obligations to Medicare under the MSP statute." Id. at 5.

ORHS moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Stalley lacks standing to bring a

claim under the MSP. Stalley responded that he has standing because the MSP is a qui tam statute. The district court found that Stalley filed "a nearly identical action in the Eastern District of Arkansas," which had already been dismissed for lack of Article III standing and because that court found that the MSP is not a qui tam statute. R1-18 at 4. The district court concluded that "the question presented in [the Arkansas case] is virtually indistinguishable" from the question presented in this case, determined that Stalley lacks standing "because the MSP statute does not provide for a qui tam action and Stalley does not allege that he has suffered any injury that would support Article III standing," and dismissed the complaint with prejudice. Id. This appeal followed.

## II. DISCUSSION

Stalley contends that he has standing to bring his claims on behalf of the United States because the MSP is a qui tam statute. To date, two of our sister circuit courts of appeals have squarely addressed and wholly rejected Stalley's contention, and we agree with their reasoning and holdings.[2] Stalley v. Methodist Healthcare, ___ F.3d at ___, 2008 WL 515875 (6th Cir. 2008); Stalley v.

---

[2] In dictum in an earlier case involving an interpretation of section 1395y(b)(3)(A), we rejected the notion that the MSP authorized individuals to act "as private attorney[s] general[] to litigate the state tort liability of a defendant towards thousands of Medicare beneficiaries . . . without complying with class action requirements." Glover v. Liggett Group, Inc., 459 F.3d 1304, 1309 (11th Cir. 2006) (per curiam). Today, we reject the contention that the MSP is a qui tam statute.

Catholic Health Initiatives, 509 F.3d 517 (8th Cir. 2007). Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." U.S. Const Art. III § 2. The "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1003 (11th Cir. 2004) (citation omitted). "[F]irst and foremost, there must be alleged . . . an injury in fact – a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." Id. "An interest unrelated to injury in fact is insufficient to give a plaintiff standing." Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 772, 120 S. Ct. 1858, 1862 (2000). Thus, a plaintiff without an injury in fact lacks Article III standing, and the federal courts do not have jurisdiction over his or her complaint.

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1203 n.42 (11th Cir. 1991). A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice. Crotwell v. Hockman-

5

Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984). In reviewing the district court's decision to grant a motion to dismiss for lack of standing pursuant to Rule 12(b)(1), we review the legal conclusions of the district court de novo. McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1250 (11th Cir. 2007). A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. Id. at 1251. "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. (quotation, citation, and alterations omitted). By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony. Id.

Our review of the record establishes that the district court considered only the complaint and the attached exhibits and treated ORHS's motion as a facial attack on the complaint. When defending against a facial attack, the plaintiff has "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised," and "the court must consider the allegations in the plaintiff's complaint as true." Id. (quotations omitted). The court is required

"merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990) (per curiam) (quotation and alteration omitted).

In this case, Stalley does not allege that he is a Medicare recipient, that he has ever received medical treatment at ORHS, or that he has actually been injured by ORHS. Therefore, Stalley cannot assert that he has any injury in fact that was caused by ORHS, and it is clear that he lacks traditional Article III standing to bring this action. Ordinarily, that would be the end of the case. However, since Stalley argues that the MSP is a qui tam statute, we must evaluate whether Stalley can pursue a qui tam action under the MSP.

Stalley nominally sued ORHS on behalf of the United States, asserting that "the government suffered an injury in the form of Medicare payments that should have been reimbursed but were not," and that the government, not Stalley, is the true party in interest in this case. Appellant's Br. at 21. After de novo review, we conclude that the MSP is not a qui tam statute. "'Qui tam' is an abbreviation for qui tam pro domino rege quam pro seipso, which means 'he who as much for the king as for himself.'" United Seniors Ass'n, Inc. v. Philip Morris USA, 500 F.3d 19, 24 (1st Cir. 2007) (quotation and citation omitted). In a qui tam action,

a private individual, known as the relator, sues as "a partial assignee of the United States." Vt. Agency, 529 U.S. at 774 n.4, 120 S. Ct. at 1863 n.4 (emphasis omitted). The relator pursues the government's claim against the defendant, and asserts the injury in fact suffered by the government, which confers standing on the relator to bring the action. Id. at 774. "There is presently no common-law right to bring a qui tam action, which is strictly a creature of statute." Stalley v. Catholic Health Initiatives, 509 F.3d at 521 (quoting United Seniors, 500 F.3d at 23).

In Vermont Agency, the Court recognized that four qui tam statutes "remain on the books."[3] Vt. Agency, 529 U.S. at 768 n.1, 120 S. Ct. at 1860 n.1. One of those statutes is perhaps the "best known qui tam statute today," the False Claims Act ("FCA") 31 U.S.C. § 3729 et seq. Stalley v. Catholic Health Initiatives, 509 F.3d at 522. The FCA provides that [a] person may bring a civil action . . . for the person and for the United States Government. The action shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). The

---

[3] In addition to the False Claims Act, at issue in that case, the Court enumerated 25 U.S.C. § 81 (which provides a "cause of action and share of recovery against a person contracting with Indians in an unlawful manner"); 25 U.S.C. § 201 (which provides "cause of action and share of recovery against a person violating Indian protection laws"); and 35 U.S.C. § 292(b) (which provides a "cause of action and share of recovery against a person falsely marking patented articles"). Vt. Agency, 529 U.S. 768 n.1, 120 S. Ct. 1858, 1860 n.1. As the First Circuit remarked in United Seniors, it is "particularly notable" that the MSP is not listed among these statutes. United Seniors, 500 F.3d at 24 n.7.

government has substantial authority over the action because the FCA vests the government with several significant procedural controls, including the rights to dismiss the action without the consent of the relator, to review the complaint <u>in camera</u> before it is served, and the right to veto or approve a settlement.  <u>See</u> 31 U.S.C. § 3730(b)-(c).  The FCA further provides for methods to apportion the proceeds of the action between the relator and the government, depending on the [nature] of the individual action.  31 U.S.C. § 3730(d).

As many courts have recognized, the MSP differs materially from the FCA.  For example, section 1395y(b)(3)(A) of the MSP provides for a "private cause of action for damages . . . in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with" the MSP.  42 U.S.C. § 1395y(b)(3)(A).  The MSP does not describe a "jointly-held cause of action by the government and the private plaintiff, or [] the private plaintiff's right to sue solely in behalf of the government."  <u>United Seniors</u>, 500 F.3d at 24.  The MSP provides to the government none of the procedural safeguards to manage or direct an action which are granted to it under the FCA. The private plaintiff in an action under the MSP is entitled to the entire recovery if he or she is successful, unlike under the FCA, which apportions the recovery between the relator and the government.  42 U.S.C. § 1395y(b)(3)(A).  Finally,

the fact that Congress "explicitly created the current qui tam provisions of the FCA the same month it created the private right of action in the MSP certainly belies Stalley's contention" that Congress intended the MSP to be a qui tam statute. Stalley v. Methodist Healthcare, ___ F.3d at ___, 2008 WL 515875 at *6 (6th Cir. 2008); see also United Seniors, 500 F.3d at 24.

Based upon these distinctions, every court that has addressed the question of whether the MSP is a qui tam statute has answered in the negative.[4] As the Eighth Circuit determined, the MSP creates statutory scheme under which individuals can sue their care providers and recover double damages "to vindicate their private rights when their primary payers fail to live up to their obligations, even if Medicare has made a conditional payment of the beneficiaries' expenses." Stalley v. Catholic Health Initiatives, 509 F.3d at 527. We agree with the courts that have already ruled on this question, and we hold that Stalley has no standing to maintain an action under the MSP because it is not a qui tam statute.

Since we conclude that Stalley lacks standing because he has no injury in

---

[4] E.g., Stalley v. Methodist Healthcare, ___ F.3d ___, 2008 WL 515875 (6th Cir. 2008); Stalley v. Catholic Health Initiatives, 509 F.3d 517 (8th Cir. 2007); United Seniors, 500 F.3d 19 (1st Cir. 2007); Stalley v. Regency Hosp. Co., No. 06-5233, 2007 WL 1702574 (W.D. Ark. June 11, 2007); Brockovich v. Cmty. Med. Ctrs., Inc., No. 06-1609, 2007 WL 738691 (E.D. Cal. Mar. 7, 2007); Stalley v. Erlanger Health Sys., No. 1:06-194, 2007 WL 672301 (E.D. Tenn. Feb. 28, 2007); Stalley v. Catholic Health East, No. 06-2491, 2007 WL 320271 (E.D. Pa. Jan. 30, 2007); Stalley v. Sumner Reg'l Health Sys., Inc., No. 2:06-0074, 2007 WL 173686 (M.D. Tenn. Jan. 18, 2007).

fact and because the MSP is not a qui tam statute, the district court lacked subject matter jurisdiction over the complaint, and it had no power to render a judgment on the merits. See Crotwell, 734 F.2d at 769. Consequently, the district court should have dismissed the complaint without prejudice, and we remand in part so that the district court can reenter its dismissal order without prejudice.

### III. CONCLUSION

Stalley appeals the district court's order dismissing with prejudice his purported qui tam action against ORHS. The district court properly dismissed Stalley's complaint because Stalley lacks standing. He has not suffered any injury in fact caused by ORHS, and the MSP does not provide for a qui tam action. However, since the district court did not have subject matter jurisdiction in this case, Stalley's complaint should have been dismissed without prejudice. Therefore, we remand with instructions that the district court reenter its judgment accordingly. **AFFIRMED IN PART AND REMANDED IN PART**.