[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14645
Non-Argument Calendar

_____

D. C. Docket No. 08-00843-CV-T-23-TBM

STANLEY LOUIS KLOS,

Plaintiff-Appellant,

versus

HENRY M. PAULSON, JR.,
in his capacity as Secretary
of the Treasury,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 29, 2009)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Stanley Klos filed a pro se complaint seeking a declaration, pursuant to 28 U.S.C. § 2201, that the term "Presidents of the United States" within the meaning of the Presidential $1 Coin Act of 2005, Pub. L. No. 109-145, 119 Stat. 2664, codified at 31 U.S.C. § 5112(n) ("the Coin Act"), includes the ten men who served under the Articles of Confederation as the President of the United States in Congress Assembled. Pursuant to the Mandamus Act, 28 U.S.C. § 1361, Klos's complaint also sought an order directing the Secretary of the Treasury to issue one dollar coins bearing the names and likenesses of these ten men.

The district court granted the government's motion to dismiss for failure to state a claim, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court concluded that the Coin Act does not require the Secretary to issue such one dollar coins and, thus, Klos had no cognizable right to relief under § 1361 or § 2201.

We agree with the government that the allegations in Klos's complaint, taken as true, do not establish Article III standing. See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (explaining that plaintiff's complaint must allege, inter alia, "an injury in fact – a harm suffered by the plaintiff that is concrete and actual or imminent, not

conjectural or hypothetical" to establish Article III standing).[1]  Accordingly, we do

not address the merits of Klos's claims.  We vacate the district court's July 14,

2008 dismissal order, however, with instructions to dismiss Klos's complaint

without prejudice.  See id. (explaining that a dismissal for lack of standing has the

same effect as a dismissal for lack of subject matter jurisdiction under Rule

12(b)(1) and thus is entered without prejudice).

**VACATED AND REMANDED.**

---

[1]Because standing is a jurisdictional requirement we must address sua sponte, the government's failure to raise the standing issue in the district court does not impede our ability to consider the issue for the first time on appeal.  See Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 807 n.9 (11th Cir. 1993).  "[W]hen standing is questioned for the first time by an appellate court, standing must affirmatively appear in the record.'"  Id. at 806 (quotation marks omitted).  In response to the government's standing argument, Klos did not move to supplement the record or amend his complaint (or even contend that he has standing).  Thus, the only allegations of standing in the record are found in Klos's complaint.