[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10544
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-02039-VEH


JOHN NUNNELEE,

                                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 7, 2014)

Before WILSON, ROSENBAUM, and COX, Circuit Judges.

PER CURIAM:

John Nunnelee, proceeding *pro se*, appeals the district court's dismissal of his Federal Tort Claims Act ("FTCA") claims against the Government.  His claims sound in negligence, trespass, private nuisance, and public nuisance.  The district court correctly determined that he lacked standing to bring them.

In order to bring a suit in federal court, a plaintiff must have standing. Standing is a threshold jurisdictional question of whether a court may consider the merits of a dispute.  *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). Standing requires the plaintiff to establish three elements: (1) injury-in-fact; (2) causation; and (3) redressability.  *Id.* at 1206.  The district court found that Nunnelee could not satisfy the first requirement because he did not own the property and never had any possessory interest in it.

On appeal, Nunnelee contends that the district court incorrectly dismissed his complaint for lack of standing because he has "legal, financial, and equitable ownership" of the property.  He contends that state litigation remains unresolved, and, as a result, that he is the rightful owner of the property until the state proceedings are completed.  He additionally contends, for the first time on appeal, that he entered into a two-year irrevocable access agreement with the Government in November 2005 and that the access agreement identifies him as the owner of the Property and granted him a right to sue the Government.  He contends this is

2

sufficient to establish standing.  In support of his arguments, Nunnelee attached various documents, which are not part of the record on appeal, to his Initial Brief.

We review de novo a district court's dismissal for lack of standing.  *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  A plaintiff bears the burden of demonstrating standing.  *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010) (citation omitted).  We will not consider an issue raised for the first time on appeal.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

The FTCA grants exclusive jurisdiction to district courts over claims brought against the Government where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346.  Here, the "act or omission occurred" in Alabama, so Alabama law applies.  Under Alabama law, there can be no action based on trespass absent a right of possession.  *Avery v. Geneva Cnty.*, 567 So.2d 282, 289 (Ala. 1990).  The same holds true for other property-related claims such as those based on nuisance .  *See Blevins v. Hillwood Office Center Owners' Ass'n*, 51 So.3d 317, 321 (Ala. 2010).  The state court rejected Nunnelee's claims of ownership, so Nunnelee does not have a legally recognized possessory interest in the property in question.  As a result, the district court correctly determined that he lacked standing to sue.

3

Additionally, the district court correctly determined that to the extent Nunnelee argues he has standing to bring his claims without a legal interest in the property—specifically for his negligence claim—he has not satisfied his burden of establishing such standing.  *See Elend*, 471 F.3d at 1206.  As to his access agreement argument, he failed to raise that issue in the district court, so we will not now consider it.  *See Access Now, Inc.*, 385 F.3d at 1331.

Accordingly, we affirm the district court's grant of the Government's motion to dismiss without prejudice for lack of subject matter jurisdiction.

**AFFIRMED.**