[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 21-10440
Non-Argument Calendar

————————————————

D.C. Docket No. 3:20-cv-00028-CAR

BRETT-ANDREW NELSON,

Plaintiff-Appellant,

versus

DONALD CORWIN JACKSON,
LORI BETH TALBOT,
ASHLEY MORGAN BURGEMEISTER,
KERI ANN YODER,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia

————————————————

(August 2, 2021)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brett-Andrew Nelson filed a petition in federal district court to confirm an arbitration award issued by the SITCOMM Arbitration Association, which purported to award Nelson $500,000 from each of the four defendants—the lawyer who represented the mother of his child in a child-custody case in Colorado and several Colorado state-court judges who presided over those proceedings—for breach of an unexplained "contractual agreement."  He later amended the petition, claiming that the amount owed was now $5,000,000 per defendant because of their retaliatory actions and refusal to honor the arbitration award.  Nelson asserted that the district court had jurisdiction to confirm the award under 9 U.S.C. § 9.

The district court granted the defendants' motions to dismiss with prejudice, for failure to state a claim because neither Nelson's filings nor the arbitration reward indicated that a valid contract ever existed between the parties.  Nelson now appeals.

We are required to raise jurisdictional issues *sua sponte*, and we review such issues *de novo*.  *Wood v. Raffensperger*, 981 F.3d 1307, 1313 (11th Cir. 2020).  The party seeking the federal forum must establish federal subject-matter jurisdiction.  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).

The Federal Arbitration Act ("FAA") permits "parties to arbitration agreements to bring a separate proceeding in a district court to enter judgment on an arbitration award once it is made."  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000); *see* 9 U.S.C. § 9.  But the Act does not create federal subject-

2

matter jurisdiction on its own; "[i]nstead, the FAA requires an independent jurisdictional foundation." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016); *see Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). Thus, "[t]he district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc.*, 844 F.3d at 1305 (quotation marks omitted).

Here, the district court lacked subject-matter jurisdiction over Nelson's petition to confirm the arbitration award. In his petition, Nelson asserted jurisdiction based solely on 9 U.S.C. § 9, but the FAA does not create subject-matter jurisdiction on its own. *See id.* And Nelson has not identified any other independent jurisdictional basis. The underlying claims were for breach of contract, not anything federal in nature, and Nelson's amended petition reflects that the parties were all citizens of or domiciled in Colorado, meaning diversity is lacking.

Because Nelson failed to establish federal subject-matter jurisdiction, the petition should have been dismissed without prejudice, rather than with prejudice for failure to state a claim. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."). On

3

this basis alone, we vacate and remand for the limited purpose of allowing the district court to dismiss the case without prejudice.

**VACATED AND REMANDED.**