[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13712

Non-Argument Calendar

_____

ALIA MERCHANT,
f.k.a. Nausheen Zainulabeddin,

Plaintiff-Appellant,

*versus*

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF CIVIL RIGHTS ATLANTA DIVISION,
SECRETARY, U.S. DEPARTMENT OF EDUCATION,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-00195-WFJ-JSS

———————————

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Alia Merchant, proceeding *pro se*, appeals the district court's dismissal of her complaint with prejudice for lack of subject-matter jurisdiction based on sovereign immunity and, alternatively, for failure to state a claim upon which relief may be granted. She argues that the district court erred in dismissing her complaint because it had jurisdiction under the Administrative Procedure Act ("APA") and that her claims were meritorious. After careful review, we affirm the ruling of the district court that it lacked subject-matter jurisdiction, but we modify the order from a dismissal with prejudice to a dismissal without prejudice.

## I.

Merchant asserted that she had been dismissed from medical school, appealed, and eventually filed a complaint with the U.S. Department of Education Office of Civil Rights ("OCR"), alleging discrimination. According to Merchant, the OCR rendered an adverse decision, which she had unsuccessfully appealed.

Based on these circumstances, Merchant filed a complaint against the U.S. Department of Education and the U.S. Secretary of Education (the "agency"), asserting that her claims arose under the Americans With Disabilities Act Amendments of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553.

Merchant posited that the district court had subject-matter jurisdiction over her complaint under the APA, 5 U.S.C. § 705, for the agency's "alleged negligence in denying injunctive relief." She asserted five counts of violations of the APA. First, she alleged that the agency's decision was judicially reviewable. She also contended that she had been discriminated against and "collaterally aggrieved by the final agency decision." Next, she claimed that no other adequate remedy was available. Merchant further alleged irreparable harm and likelihood of success on the merits of her claims. Finally, Merchant alleged that the agency's decision was arbitrary and capricious.

In her prayer for relief, she requested injunctive relief reinstating her to medical school without academic probation standing, expungement of her earlier academic records, tuition reimbursement, and reinstatement of federal loans to complete medical school. She mentioned other relief in her complaint before her prayer for relief, including references to declaratory relief and court review of the agency's decision to determine whether it was arbitrary and capricious.

The agency moved to dismiss Merchant's complaint for lack of subject-matter jurisdiction, under Rule 12(b)(1), Fed. R. Civ. P.,

and failure to state claims upon which relief may be granted, under Rule 12(b)(6), Fed. R. Civ. P. It argued that sovereign immunity barred her requested student-loan relief because the government had not waived sovereign immunity for claims seeking injunctive relief in that context. The agency also argued that relief under the APA was barred because Merchant had an adequate remedy in court of filing a discrimination complaint against her former medical school and because the agency's investigation and enforcement actions were committed to its discretion by law.

Among other rulings, the district court dismissed Merchant's complaint with prejudice, concluding that it lacked jurisdiction because of the agency's sovereign immunity.

Merchant now appeals.

## II.

We review *de novo* determinations of sovereign immunity and subject-matter jurisdiction. *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1313 (11th Cir. 2011) (sovereign immunity); *Innab v. Reno*, 204 F.3d 1318, 1320 (11th Cir. 2000) (subject matter jurisdiction). A district court will hold a *pro se* pleading to a less stringent pleading standard than a counseled pleading. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* Chapter 5 of the APA contains a waiver of the immunity for

claims that allows for judicial review for "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" but limits the waiver to claims "seeking relief other than money damages." 5 U.S.C. § 702. The APA expressly provides, however, that this waiver does not "affect[] other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground" or "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id.* Section 1082 of the Higher Education Act states that the Secretary of Education may be sued in state or federal court "[i]n the performance of, and with respect to, the functions, powers, and duties, vested in him," but provides that no injunction shall be issued against the Secretary. 20 U.S.C. § 1082(a)(2).

A dismissal for lack of subject-matter jurisdiction is not a judgment on the merits and is entered without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). We may affirm a district court's judgment on any ground supported by the record. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). And we may affirm a dismissal with prejudice while modifying it to a dismissal without prejudice, if necessary. *See Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997).

Issues not raised in an initial brief are forfeited and generally deemed abandoned. *United States v. Campbell*, 26 F.4th 860, 871–

Opinion of the Court                      21-13712

72 (11th Cir. 2022) (*en banc*), *petition for cert. filed*, (U.S. May 23, 2022) (No. 21-1468).  "[F]orfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." *Id.* at 872 (quotation marks omitted).  We have the discretion to review forfeited issues under five circumstances: (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern.  *Id.* at 873.

Here, the district court did not err in dismissing Merchant's complaint because it properly found that her claims were barred by the doctrine of sovereign immunity.  Merchant was suing the Secretary of Education, she does not challenge the district court's construction of her complaint as solely seeking injunctive relief, and the government expressly has not waived sovereign immunity as to claims for injunctive relief.

So we must affirm the district court's dismissal of Merchant's complaint.  But because the dismissal is for lack of jurisdiction, we modify the dismissal from a dismissal with prejudice to a dismissal without prejudice.

**AFFIRMED AS MODIFIED.**