[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10195

Non-Argument Calendar

_____

LINCOLN MEMORIAL ACADEMY,
EDDIE HUNDLEY,
MELVIA SCOTT, Dr.,
KATRINA ROSS,
JAUANA PHILLIPS, et. al.,

                                        Plaintiffs-Appellants,

*versus*

SCHOOL DISTRICT OF MANATEE COUNTY,
CITY OF PALMETTO, FLORIDA,
FLORIDA DEPARTMENT OF EDUCATION,

                                        Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-00309-CEH-AAS

———————————

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Lincoln Memorial Academy, its founder and former principal Eddie Hundley, and former employees Melvia Scott, Katrina Ross, Jauana Phillips, and Angella Enrisma appeal the dismissal of their second amended complaint against the School Board of Manatee County, the City of Palmetto, Florida, and the Florida Department of Education. The district court dismissed the complaint as a shotgun pleading and alternatively for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The district court also ruled that the claims against the Department and its Commissioner were barred by the Eleventh Amendment. We affirm in part and vacate in part with instructions to dismiss the complaint against the Department without prejudice.

The district court did not abuse its discretion when it dismissed the second amended complaint against the School Board and the City as a shotgun pleading. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). The counseled complaint was neither short nor plain. *See* Fed. R. Civ. P. 8(a)(2). Instead, it was a

shotgun pleading that consists of 152 paragraphs, many of which are replete with vague allegations and legal conclusions that would leave a defendant reading the complaint hard-pressed to understand "the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The district court explained that the complaint "foreclose[d] any understanding of the entity against whom the claims are brought." In its first dismissal order, the district court provided examples of the pleading deficiencies, such as the intermingled allegations of unlawful conduct against "all Defendants," which forced the district court to "speculate as to the entity against whom the claim [was] brought." *See id.* at 1320. The district court explained that each count alleging that the School Board "violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and § 1983" left the district court unable to connect the allegations to the claims or determine whether the plaintiffs alleged "separate Title VII claims or instead merely offer purported violations of Title VII in support of their § 1983 claims." The district court *sua sponte* granted "one—and only one—opportunity to cure the shotgun pleading."

Counsel failed to cure these pleading deficiencies in the second amended complaint, which continued to combine multiple claims within individual counts and intentionally retain vague demands for a judgment against "all Defendants" for compensatory and punitive damages, despite failing to allege actions or omissions by each defendant. Because the district court again was left to speculate about which defendants were implicated in each count, with its confusion compounded by numerical inconsistencies in the

paragraph ranges that were incorporated into multiple counts, the district court did not abuse its discretion by dismissing the second amended complaint with prejudice for failing repeatedly to comply with the rules of procedure. *See Jackson v. Bank of America N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone."). Because we affirm on this basis, we do not address the alternative ruling that the second amended complaint failed to state a claim.

The district court did not abuse its discretion in not *sua sponte* granting leave to file a third amended complaint. The district court warned that it would permit "one—and only one—opportunity to cure the shotgun pleading deficiencies." And, even if the time to amend the pleadings under the scheduling order had not long passed, the plaintiffs had withdrawn their earlier motion for leave to file a third amended complaint and failed to renew that request. *See Vibe Micro*, 878 F.3d at 1296 ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him *one* chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." (emphasis added)).

The district court also did not err in ruling that claims against the Department were barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Because the Eleventh Amendment bars the

23-10195               Opinion of the Court                        5

claims against the Department, the district court lacked subject matter jurisdiction over them. *See Seaborn v. Fla. Dep't of Corrs.*, 143 F.3d 1405, 1407 (11th Cir. 1998). Without power to render a judgment on the merits, the district court should have dismissed the complaint against the Department without prejudice instead of with prejudice. *See Stalley ex rel. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008).

The district court also did not abuse its discretion in sanctioning counsel for failing to comply with discovery orders. A district court may impose sanctions when a party fails to "obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b). In reviewing discovery motions, "wide discretion is proper because a judge's decision as to whether a party or lawyer's actions merit imposition of sanctions is heavily dependent on the court's firsthand knowledge, experience, and observation." *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1329 (11th Cir. 2023). After holding a four-hour evidentiary hearing on the School Board's motion for sanctions and considering the testimony and evidence presented, the magistrate judge found that sanctions against counsel were warranted because he repeatedly failed to respond to discovery requests, even after the district court issued an order compelling production. Although counsel argues that the magistrate judge "impermissibly rejected" his evidence of mitigating circumstances and good faith, we discern no clear error in the magistrate judge's finding. *See id.*

We **AFFIRM in part** the dismissal with prejudice of the second amended complaint against the School Board and the City and the award of sanctions against counsel, and we **VACATE and REMAND in part** with instructions to dismiss the complaint against the Department without prejudice.