[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11875

_____

GILBERTO C. FARIAS MATOS,

Plaintiff-Appellant,

*versus*

LEXINGTON PLACE CONDOMINIUM ASSOCIATION, INC.,

Defendant,

BUSINESS LAW GROUP, P.A.,
LM FUNDING, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cv-01105-GAP-DCI

_____

Before BRANCH, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

This case arose out of the attempted collection of homeowner's association fees assessed on a condo that Gilberto C. Farias Matos owns in Orlando, Florida. Matos sued his homeowner's association, Lexington Place Condominium Association, Inc., and the association's debt collectors, Business Law Group, P.A. and LM Funding, LLC, asserting violations of the federal Fair Debt Collection Practices Act and Florida's Consumer Collection Practices Act. At a bench trial, the district court concluded that Matos's debt was not actionable under either the federal or state Acts. Matos appeals the district court's judgment for the debt collectors. After oral argument and careful review of the record, we vacate the judgment and remand for the district court to dismiss Matos's case without prejudice because Matos didn't present evidence at trial to establish standing to file his lawsuit.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Matos purchased a condo in Lexington Place near Orlando's tourist district. When Matos bought the condo he agreed to pay

homeowner's association assessments and administrative late fees. Within a few months of buying the condo, Matos leased it to a third-party tenant for one year. Matos gave his friend, Rodrigo Alves, power of attorney to handle collection of the condo's rent from the tenant.

In 2017, a dispute arose over whether Matos's condo assessments were past due. The association's debt collectors sent two letters to Matos, threatening to foreclose on the condo if Matos did not pay the disputed amounts that the association claimed were owed. When Matos still did not pay, the debt collectors filed a lien foreclosure complaint.

In response, Matos sued the association and its debt collectors, asserting five counts under the state and federal debt collection Acts. Counts one and three alleged claims under the federal Act based on the two letters the debt collectors sent Matos. Counts two and four alleged claims under the state Act also based on the letters. And count five alleged a claim under the federal Act based on the lien foreclosure complaint.

After he settled with the association, Matos and the debt collectors each moved for summary judgment. In their motions, the parties argued about whether the homeowner's association assessments qualified as actionable debt under the federal and state Acts. To be actionable "consumer debt" under the Acts, the debt needed to be "primarily for personal, family, or household purposes." *See* 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6). Matos and the debt collectors disagreed about whether Matos had purchased the condo

for family purposes or as a rental property, and whether the assessment was a "consumer debt" if the condo was bought for use as a rental property. The district court denied the summary judgment motions, concluding that there was a genuine issue of material fact as "to whether or not the subject fees constitute[d] debts under the" federal and state Acts. The district court set the case for a bifurcated bench trial, with phase one addressing whether Matos's debt was actionable consumer debt.

At the bench trial, Matos and Alves testified about the nature of the assessments and why Matos bought the condo. Matos also introduced four exhibits: (1) a HUD statement; (2) the leases for the condo; (3) the property management agreement for the condo; and (4) the declaration for Lexington Place.

After reviewing the testimony and exhibits, the district court entered judgment for the debt collectors because it found Matos's "obligation to pay condominium assessments was not for a consumer purpose," and therefore, the assessments did not qualify as actionable debt under the state and federal Acts. Matos appeals the judgment.

## DISCUSSION

Although the parties didn't address standing, "[w]hether a plaintiff has standing to sue is a threshold jurisdictional question that we review de novo." *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1238 (11th Cir. 2023) (emphasis omitted). So after oral argument we asked the parties to submit supplemental briefs to address whether Matos presented evidence at the bench trial to prove he

had standing to bring his claims under the federal and state Acts. As explained below, we conclude he did not.

"Article III grants federal courts the 'judicial Power' to resolve only 'Cases' or 'Controversies,'" *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (quoting U.S. Const. Art. III, §§ 1–2), and standing is an "essential and unchanging part" of the Article III case-or-controversy requirement, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must show that: (1) he "suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020) (en banc) (quotation omitted).

The party invoking the federal court's jurisdiction has the burden to establish standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–431 (2021). And that burden to "demonstrate standing" varies "with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 431 (second quotation quoting *Lujan*, 504 U.S. at 561). "[I]n a case like this that proceeds to trial," for example, "the specific facts set forth by the plaintiff to support standing must be supported adequately by the evidence adduced at trial." *Id.* (quotation omitted).

That means, at the bench trial, Matos had to present evidence that showed the "irreducible constitutional minimum" of standing: (1) injury in fact, (2) traceability, and (3) redressability. *Trichell*, 964 F.3d at 996 (quoting *Lujan*, 504 U.S. at 560–61). Of

particular interest here is the injury-in-fact requirement, which ensures "that federal courts exercise their proper function in a limited and separated government." *TransUnion*, 594 U.S. at 423 (quotation omitted). The injury must be both concrete and particularized. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

Here, Matos did not meet his burden to present evidence at the bench trial showing that he had standing to bring his claims. The witnesses he called and the exhibits he introduced into evidence did not show an injury that was traceable to the letters the debt collectors sent or the lien foreclosure complaint they filed.

Looking at the evidence, Matos testified that he initially bought the condo as a vacation home for his family but that he decided to rent it instead. Matos also testified the association assessed the condos "to maintain the common areas at the condominium, the roofs[,] and the swimming pools and the gym." But he did not testify that he was injured by the debt collectors' letters or the lien foreclosure complaint.

Nor did Alves, his power of attorney, testify to a concrete injury. Alves testified that he collected rents for Matos and handled paying the assessments. Alves also testified Matos had intended to use the condo for his family when he purchased it. But he didn't testify that the letters or the lien foreclosure complaint injured Matos.

Likewise, the four exhibits Matos introduced dealt with the nature of the condo, the assessment, and Matos's rental agreements. The HUD statement detailed his purchase of the condo; his

leases outlined the terms for renting the condo to the third-party tenant; his property management agreement explained the manager's obligation in overseeing the rentals for the condo; and Lexington Place's declaration explained the obligation to pay assessments. None of these exhibits showed that Matos was injured by the letters or the lien foreclosure complaint.

As the Supreme Court has summed it up, "[n]o concrete harm, no standing." *TransUnion*, 594 U.S. at 442. Matos's failure to establish standing is fatal to his claims.

Matos offers two arguments in response. First, he points to his testimony that he did not touch the money he made from renting the condo because of the debt he owed on the assessments:

> [T]hat money was never touched. In fact, it was barely or hardly ever touched because—because I received the—the collection—or I received the charges for these debts that I didn't know what they were for. I didn't know what the cost or what the extent of the process would be.

Matos argues that this testimony established a concrete injury because "[t]he inability to have and use money to which a party is entitled is a concrete injury." *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019) (citing *Craig v. Boren*, 429 U.S. 190, 194–95 (1976)).

That argument is unpersuasive. For one thing, Matos testified that he decided not to use his rent revenue to pay for the debts because he didn't know what the charges were for. He didn't

testify that he had an *"inability* to have and use money" based on the debts. *See id.* (emphasis added). "[P]laintiffs cannot manufacture standing merely by inflicting harm on themselves." *Muransky*, 979 F.3d at 931 (quotation omitted).

But even assuming his testimony was enough to establish a concrete injury, Matos hasn't shown that the injury was traceable to *the letters* or *the lien foreclosure complaint*—the items at the heart of "each claim that [he] press[es]." *See TransUnion*, 594 U.S. at 431 (collecting cases). Yes, he testified generally about not using rent revenue because of the "charges" for his debt. But the letters and the lien foreclosure complaint weren't charges for the debt; they were efforts to collect what Matos had been charged. Matos hasn't presented any evidence that the debt collectors' efforts contributed to any concrete injury. *Cf. Lewis v. Governor of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) ("Because the Attorney General didn't do (or fail to do) anything that contributed to plaintiffs' harm, plaintiffs cannot meet Article III's traceability requirement.").

Second, Matos argues he couldn't "have asserted any basis for standing in the first phase of the trial." "[T]he standing issue," he claims, "had not and could not yet have been reached in [p]hase [one] because the letters and lawsuit were irrelevant to the characterization of the debt."

But standing is always relevant under Article III. *See Muransky*, 979 F.3d at 924. Federal courts must "satisfy [themselves] that [a] plaintiff has standing before proceeding to consider the merits of [his] claim, no matter how weighty or interesting." *Lewis*, 944

22-11875               Opinion of the Court                9

F.3d at 1296.  When "a case like this . . . proceeds to trial," the plaintiff must establish standing through "the evidence adduced at trial." *TransUnion*, 594 U.S. at 431 (second quotation quoting *Lujan*, 504 U.S. at 561).  Matos failed to meet his burden to provide standing evidence here.

Acknowledging that he may not have met his standing burden, Matos asks us to remand so that he can present evidence to the district court to show standing.  But that's not how standing works.  Once his case went to trial, he had the burden to present evidence that he had standing to bring his claims.  *See id.* Because Matos didn't meet his burden, the district court "had no power to render a judgment on the merits" and "should have dismissed the [case] without prejudice." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234–35 (11th Cir. 2008).  That's what we have to do now.

## CONCLUSION

Matos's failure to prove standing at trial dooms his claims. We therefore vacate the district court's judgment and remand to the district court to dismiss Matos's case without prejudice.

**VACATED AND REMANDED**.