**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12501

————————————

TIMOTHY GARDNER,
TECK ELECTRIC, LLC,
PETER STRICKLAND,

*Plaintiffs-Appellants,*

JOHN DOE,

*Plaintiff,*

*versus*

STEPHEN JESSUP,
   Individually and in Official Capacity as Sheriff of McIntosh County,
*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:24-cv-00011-LGW-BWC

————————————

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

This is an appeal from the dismissal of a complaint under Rule 12(b)(6).  As relevant here, Peter Strickland brought a claim under § 11(b) of the Voting Rights Act, 52 U.S.C. § 10307(b), against Stephen Jessup, who was at the time the Sheriff of McIntosh County in Georgia.  Mr. Strickland alleged that, during a 2022 County Commissioner election, Timothy Gardner ran in the Republican primary for the District Five seat against Davis Poole, Jr., who was Sheriff Jessup's friend.  When Mr. Strickland stated that he planned to vote for Mr. Gardner, Sheriff Jessup falsely told him that Mr. Gardner was the second-largest drug dealer in the County.  Sheriff Jessup also intimidated Mr. Strickland by insinuating that he would "keep a special eye on him" if he did not vote for Mr. Poole.  *See* Second Amended Complaint at ¶¶ 3–7, 33–37, 46.  And Sheriff Jessup allegedly intimidated McIntosh County voters by "threatening negative consequences" on them and their families if they did not vote for Mr. Poole.  *See id.* at ¶ 45.

Mr. Strickland asserts that Sheriff Jessup's conduct constituted intimidation in violation of §11(b), which makes it unlawful to "intimidate, threaten, or coerce, or attempt to intimidate, threaten or coerce any person for voting or attempting to vote." § 10307(b).  The only relief Mr. Strickland sought was (1) a declaration that Sheriff Jessup violated § 11(b), and (2) "an injunction enjoining him and his agents from any further activity which intimidates voters."  Second Amended Complaint at ¶ 110.

The district court dismissed the § 11(b) claim under Rule 12(b)(6), ruling that the provision cannot be enforced by a private citizen.  Mr. Strickland now appeals dismissal of his § 11(b) claim.

In his answer brief, Sheriff Jessup argues, as an alternative ground for affirmance, that Mr. Strickland lacks Article III standing.  *See* Appellee's Br. at 16–21.  *See also* D.E. 32 at 23–24.  Following oral argument and a review of the record, we agree.

Article III standing "represents a jurisdictional requirement which remains open to review at all stages of the litigation." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 255 (1994).  As noted, Mr. Strickland seeks only declaratory and injunctive relief on his § 11(b) claim.  "Where the plaintiff seeks declaratory or injunctive relief, as opposed to damages for injuries already suffered, . . . the injury-in-fact requirement [of Article III] insists that [he] allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) (internal quotation marks omitted).  The allegations must support a "reasonable expectation that the injury . . . suffered will continue or will be repeated in the future." *A&M Gerger Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1211 (11th Cir. 2019) (internal quotation marks omitted).

Under the plausibility standard applicable to complaints, *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), we conclude that Mr. Strickland has not alleged sufficient facts to make it plausible that he will suffer the same or similar injury at the hands of Sheriff

Jessup in the future. All of Sheriff Jessup's alleged intimidatory conduct—with respect to Mr. Strickland and other voters in McIntosh County—took place in 2022 during a County Commissioner election in which one of his friends, Mr. Poole, was a candidate. Sheriff Jessup's alleged conduct was, according to the complaint, part of an attempt to help Mr. Poole get elected. *See, e.g.*, Second Amended Complaint at ¶¶ 35, 41–47. There are no allegations in the complaint that Sheriff Jessup has engaged in the same sort of conduct in other elections where Mr. Poole (or other friends of Sheriff Jessup) were not vying for office. Nor are there any allegations that Mr. Poole (or other friends of Sheriff Jessup) have run for other elected offices in McIntosh County.

We therefore affirm the dismissal of the § 11(b) claim due to Mr. Strickland's lack of Article III standing to obtain declaratory and injunctive relief. But, because lack of Article III standing is a jurisdictional defect, we direct the district court to dismiss the § 11(b) claim without prejudice. *See, e.g.*, *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (2008). We further instruct the district court to permit Mr. Strickland an opportunity to amend the complaint as to his § 11(b) claim if he so wishes.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**